# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. PARK, MICHELLE PARK<br><br>                      Plaintiffs,<br>  vs.<br>WACHOVIA MORTGAGE, FSB, WACHOVIA MORTGAGE CORPORATION, EXECUTIVE TRUST SERVICES, CHICAGO TITLE COMPANY PARK CAMINO BRANCH, SHEPPARD RICHTER, DOES 1-10<br><br>                      Defendants. | CASE NO. 10cv1547-WQH-RBB<br><br>ORDER |

HAYES, Judge:

On July 26, 2010, Plaintiffs Sean M. Park and Michelle Park, proceeding pro se, initiated this action by filing a Complaint and filed an Amended Complaint on August 11, 2010. (Doc. # 1, 3). On September 3, 2010, Plaintiffs filed an Ex Parte Motion for a Temporary Restraining Order. (Doc. # 17).

Rule 65 provides:

> The court may issue a preliminary injunction only on notice to the adverse party.
> ...
>
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

    (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(a)(1) & (b)(1).

  The Motion for a Temporary Restraining Order contains a return of service on "Carlos Gonzales - 'ETS' - Ex Parte Fed Ex w/ direct signature" and "Mark Rachers - Ex Parte Fed Ex w/ direct signature." (Doc. # 17 at 3-4). When the nonmovant has received notice, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc*., 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted). Without considering whether this notice was adequate, the Court finds that the motion for a temporary restraining order and/or a preliminary injunction fails to comply with the requirements of Rule 65.

  To obtain preliminary injunctive relief, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, --- U.S. ----, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *see also Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). At a minimum, "the moving party must demonstrate a significant threat of irreparable injury." *Arcamuzi v. Continental Air Lines, Inc*., 819 F.2d 935, 937 (9th Cir. 1987) (citation omitted). "[A]n injunction cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be." *Am. Trucking Ass'n*, 559 F.3d at 1052. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S. Ct. at 375-76. The Amended Complaint is not verified and the Motion does not contain an affidavit stating specific facts showing Plaintiffs are likely to suffer irreparable injury.

1 | (Doc. # 3, 17).

2 |     If the moving party fails to meet the "minimum showing" of a likelihood of irreparable
3 | injury, a court "need not decide whether [the movant] is likely to succeed on the merits."
4 | *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc*., 762 F.2d 1374, 1377 (9th Cir. 1985).

5 |     IT IS HEREBY ORDERED that the Ex Parte Motion for a Temporary Restraining
6 | Order is DENIED without prejudice. (Doc. # 17).

7 | DATED: September 8, 2010

8 |  
                                              **WILLIAM Q. HAYES**
9 |                                               United States District Judge