# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. PARK, MICHELLE PARK<br><br>Plaintiffs,<br>vs.<br>WACHOVIA MORTGAGE, FSB, WACHOVIA MORTGAGE CORPORATION, EXECUTIVE TRUST SERVICES, CHICAGO TITLE COMPANY PARK CAMINO BRANCH, SHEPPARD RICHTER, DOES 1-10<br><br>Defendants. | CASE NO. 10cv1547-WQH-RBB<br><br>ORDER |

HAYES, Judge:

## BACKGROUND

On July 26, 2010, Plaintiffs Sean M. Park and Michelle Park, proceeding pro se, initiated this action by filing a Complaint and Plaintiffs filed an Amended Complaint on August 11, 2010. (ECF No. 1, 3).

Plaintiffs filed an Ex Parte Motion for a Temporary Restraining Order (ECF No.17) which was denied on September 8, 2010 (ECF No. 22). Plaintiffs filed a second Motion for Ex-Parte and Temporary Restraining Order (ECF No. 30) which was denied on September 24, 2010 (ECF No. 43).

On November 2, 2010, Plaintiffs filed an Ex Parte Application for Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause. (ECF No. 51). On November 8, 2010, Defendant Wells Fargo Bank filed an Opposition (ECF No. 54) and filed

an Ex Parte Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (ECF No. 55). On November 12, 2010, Plaintiffs filed a reply. (ECF No. 57).

On November 15, 2010, Defendant Wells Fargo Bank filed Supplemental Briefing (ECF No. 58) and Plaintiffs filed an Opposition (ECF No. 60). On November 16, 2010, Plaintiffs filed a Declaration. (ECF No. 61). On November 17, 2010, Defendant Wells Fargo Bank filed a Reply. (ECF No. 62). On December 3, 2010, Plaintiffs filed supplemental briefing. (ECF Nos. 67-69).

## DISCUSSION

Plaintiffs seek an injunction against, "Defendants, their agents, employees, representatives, attorneys, and all persons acting in concert or participating with them from [having] any further contact with tenants lawfully residing at the property located at 456 10th Street, Del Mar CA 92014 . . . ." (ECF No. 51 at 2). Plaintiff contends that his business relationship and rental contracts with his tenants as well as his credit would be irreconcilably damaged if the injunction was not issued. Plaintiffs contend they have "incurred substantial economic damages and losses and intereference[] with Plaintiff's sole income and furthermore caused Plaintiffs to suffer severe emotional distress such as panic, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, despondency and depression." *Id.* at 8.

Defendant Wells Fargo Bank seeks an injunction, "restraining and enjoining Plaintiffs from contacting, and demanding rents from, the tenants currently residing at 456-458 10th Street, Del Mar, CA 92014 . . . and from filing, or recording with the San Diego County Recorder's Office, any further documents claiming Plaintiff(s) retain title to the property." (ECF No. 55 at 2). Defendant further requests the Court "enjoin Plaintiffs from coming within 100 feet of the subject property." (ECF No. 58 at 2). Defendant contends that Plaintiffs have been telling the tenants that they still own the property, demanding rent payments, and have filed an unlawful detainer action against one tenant who refused to pay Plaintiffs. Defendant contends that on November 10, 2010, Plaintiff Sean Park demanded

1  access to one of the tenant's residences to perform an appraisal.  Defendant also contends
2  that due to Plaintiffs recording of erroneous title records in the County Recorder's Office,
3  the title is inhibited and Defendant is prevented from full enjoyment of the property.
4  Defendant contends that it cannot be made whole through pecuniary damages because
5  Plaintiffs have asserted their entire livelihood depends on the rental payments.

6  When the nonmovant has received notice, the standard for issuing a temporary
7  restraining order is the same as that for issuing a preliminary injunction. *See Brown Jordan*
8  *Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002);
9  *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D.
10 Cal. 1995). "[A] preliminary injunction is an extraordinary and drastic remedy, one that
11 should not be granted unless the movant, by a clear showing, carries the burden of
12 persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis and quotation
13 omitted).  To obtain preliminary injunctive relief, a plaintiff must show "that he is likely to
14 succeed on the merits, that he is likely to suffer irreparable harm in the absence of
15 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in
16 the public interest." *Winter v. NRDC*, --- U.S. ----, 129 S. Ct. 365, 374 (2008); *see also Am.*
17 *Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).

18 "[E]conomic injury alone does not support a finding of irreparable harm, because
19 such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon*
20 *Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (citing *Los Angeles*
21 *Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980));
22 *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial,
23 in terms of money, time and energy necessarily expended are not enough" to constitute
24 irreparable injury) (quotation omitted).

25 In this case, Plaintiffs and Defendant both cite the financial loss associated with
26 interference with rental income as presenting irreparable harm, but economic injury does
27 not support such a finding.  *See Rent-A-Center, Inc.*, 944 F.2d at 603.  Defendant adds that
28 a cloud on the title to the property interferes with its full use and enjoyment of the property,

and Defendant cannot be made whole through pecuniary damages because Plaintiffs have asserted their entire livelihood depends on the rental income. However, Defendant has not asserted a claim against Plaintiffs under which it could recover damages. Therefore, Defendant cannot show that it is likely to succeed on the merits. *Winter*, 129 S. Ct. at 374; *see also Am. Trucking Ass'n, Inc.*, 559 F.3d at 1052.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs Ex Parte Application for Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause (ECF No. 51), Defendant Wells Fargo Bank's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (ECF No. 55) and Supplemental Briefing (ECF No. 58) are **DENIED**.

DATED: December 7, 2010

*William Q. Hayes* (signature)
**WILLIAM Q. HAYES**
United States District Judge