1
2
3
4
5
6
7
8                  **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SEAN M. PARK, MICHELLE PARK                CASE NO. 10cv1547-WQH-RBB

12                              Plaintiffs,      ORDER
           vs.
13   WACHOVIA MORTGAGE, FSB,
     WACHOVIA MORTGAGE
14   CORPORATION, EXECUTIVE TRUST
     SERVICES, CHICAGO TITLE
15   COMPANY PARK CAMINO BRANCH,
     SHEPPARD RICHTER, DOES 1-10
16
                                Defendants.
17
     HAYES, Judge:
18
          The matters before the Court are the Motion to Set Aside Entry of Default filed by
19
     Chicago Title Company (ECF No. 38), the Motion to Set Aside Entry of Default filed by
20
     Executive Trust Services (ECF No. 45), the Motions for Default Judgment filed by Plaintiffs
21
     (ECF Nos. 25, 27, 37), the Motions to Strike filed by Plaintiffs (ECF Nos. 19, 65), the Motion
22
     to Dismiss filed by Wells Fargo Bank (ECF No. 11), the Motion for Extension of Time filed
23
     by Plaintiffs (ECF No. 44), and the Motion for Leave to File Supplemental Complaint filed by
24
     Plaintiffs (ECF No. 70).
25
                                      **BACKGROUND**
26
          On July 26, 2010, Plaintiffs Sean M. Park and Michelle Park, proceeding pro se,
27
     initiated this action by filing a Complaint.  (ECF No. 1).  Plaintiffs filed an Amended
28
     Complaint on August 11, 2010.  (ECF No. 3).

On August 25, 2010, Well Fargo Bank ("Wells Fargo") filed a Motion to Dismiss. (ECF No. 11).  Plaintiffs filed an Opposition (ECF No. 31) and Wells Fargo filed a Reply (ECF No. 35).

On August 20, 2010, Plaintiffs filed a Request for Clerk's Entry of Default against all Defendants.  (ECF No. 9).  The Clerk entered default against Chicago Title Company and Executive Trust Services.  (ECF No. 16).  Wells Fargo filed an Opposition to Plaintiffs' Request for Clerk's Entry of Default (ECF No. 10), and on September 8, 2010, Plaintiffs filed a Motion to Strike the Opposition.  (ECF No. 19).

On September 9, 10, and 20, 2010, Plaintiffs filed three Motions for Default Judgment (ECF Nos. 25, 27, 37) which were opposed by Defendant Chicago Title Company (ECF No. 42).  Defendant Chicago Title Company also filed a Motion to Set Aside Entry of Default. (ECF No. 38).  Defendant Executive Trustee Services, LLC DBA ETS Services, LLC filed a Motion to Set Aside Entry of Default.  (ECF Nos. 45, 59).  Plaintiffs filed a Motion to Strike Defendant Executive Trustee Services, LLC's Motion to Set Aside Entry of Default which was opposed.  (ECF Nos. 65, 71).

On October 14, 2010, Plaintiffs filed a Motion for Extension of Time Pursuant to New Evidence Filing Deadline and for Leave to File Amended Complaint (ECF No. 44) which was opposed by Wells Fargo (ECF No. 47).

On December 3, 2010, Plaintiffs filed a Motion for Leave to File Supplemental Complaint.  (ECF No. 70).  On December 14, 2010, Wells Fargo Bank filed an Opposition. (ECF No. 73).  On December 29, 2010, Plaintiffs filed a Reply.  (ECF No. 75).

## DISCUSSION

## I.   Motion to Set Aside Clerk's Entry of Default & Motions for Default Judgment

On August 19, 2010, Plaintiffs filed a return of service for Defendant Executive Trust Services in which Sean Park signed the declaration of server.  (ECF No. 8 at 2).  The return of service indicates that service was completed by delivering a copy of the summons and Complaint via FedEx to the "receptionist/front desk" and was signed for by "A.Kay."  *Id.*  at 3.  The return of service does not indicate whether "A.Kay" is an officer, manager, or

authorized agent for Executive Trust Services.  On August 24, 2010, Plaintiffs filed a return of service for Defendant Chicago Title Company in which Sean Park signed the declaration of server.  (ECF No. 12 at 2).  The return of service indicates that service was completed by delivering a copy of the summons and Complaint via FedEx to the "mailroom" and was signed for by "L.Eweart."  *Id.*  at 3.  The return of service does not indicate whether "L.Eweart" is an officer, manager, or authorized agent for Chicago Title Company.  On September 2, 2010, the Clerk entered default against Chicago Title Company and Executive Trust Services.

Plaintiffs seek entry of default judgment against Chicago Title Company and Executive Trust Services "due to no response."  (ECF Nos. 25 at 2; 27 at 2; 37 at 2).  Plaintiffs have failed to provide any other legal or factual basis for seeking default judgment.

Chicago Title Company requests the Court set aside the Clerk's entry of default and opposes default judgment on the grounds that service of the summons and Complaint were sent via FedEx, a party to this action attempted to serve process, and Plaintiffs sought Clerk's entry of default 18 days after purportedly completing service rather than the 21 days permitted.  Chicago Title Company also contends that it offered to waive service if Plaintiffs would provide a Rule 4 waiver form, but Plaintiffs refused and sought default judgment.

Executive Trust Services requests the Court set aside the Clerk's entry of default and opposes default judgment on the grounds that service of the summons and Complaint were sent via FedEx, a party to this action attempted to serve process, and the summons and Complaint were not addressed to an officer, manager, or authorized agent.

Service of a summons and the complaint may be performed by: "Any person who is at least 18 years old and *not a party* ...."  Fed. R. Civ. P. 4(c)(2) (emphasis added).  Service on a corporation, partnership, or association is proper when delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process ...."  Fed. R. Civ. P. 4(h)(1)(B).  "The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice."  *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc*., 840 F.2d 685, 688 (9th Cir. 1988).  "Generally, service is sufficient when made upon an individual who stands in such a position as to render

1    it fair, reasonable and just to imply the authority on his part to receive service." *Id.* (citations

2    and quotations omitted).

3        Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court

4    enter default "when a party against whom a judgment for affirmative relief is sought has failed

5    to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ.

6    P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has

7    been entered by the Clerk of the Court. Rule 55(c) provides that a court may set aside a default

8    for "good cause shown." Fed. R. Civ. P. 55(c).

9        "The [Rule 55] good cause analysis considers three factors: (1) whether [defendant]

10   engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious

11   defense; or (3) whether reopening the default judgment would prejudice [plaintiff]." *Franchise*

12   *Holding II, LLC. v. Huntington Rest. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)

13   (quotation omitted). In determining whether to enter default judgment, a court considers the

14   three "good cause" factors, as well as the amount of money at stake, the sufficiency of the

15   complaint, the possibility of disputes to any material facts in the case, and the public policy

16   favoring resolutions of cases on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th

17   Cir. 1986). "[T]he general rule is that default judgments are ordinarily disfavored. Cases

18   should be decided upon their merits whenever reasonably possible." *Id*. at 1472.

19       "[A] defendant's conduct is culpable if he has received actual or constructive notice of

20   the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v.*

21   *Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001); *see also id*. at 698 ("[W]e have typically held

22   that a defendant's conduct was culpable ... where there is no explanation of the default

23   inconsistent with a devious, deliberate, willful, or bad faith failure to respond.").

24       The Court finds that Defendants did not intentionally fail to answer because service had

25   not been adequately effectuated due to Plaintiff, a party to this action, serving the summons

26   and Complaint on an individual who was not the "officer, a managing or general agent, or any

27   other agent authorized by appointment or by law to receive service of process." *See* Fed. R.

28   Civ. P. 4. The Court finds that Defendants did not otherwise engage in culpable conduct which

led to the default and Defendants have shown good cause why default should be set aside pursuant to Rule 55(c).  Therefore, Chicago Title Company's Motion to Set Aside Entry of Default (ECF No. 38) and Executive Trust Services' Motion to Set Aside Entry of Default (ECF No. 45) are **GRANTED**.  In addition, Plaintiffs seek entry of default judgment against Wells Fargo; however, the Clerk has not entered default against Wells Fargo.  Plaintiffs' Motions for Default Judgment against Wells Fargo, Chicago Title Company, and Executive Trust Services (ECF Nos. 25, 27, 37) are **DENIED**.

## II.    Motions to Strike filed by Plaintiffs

Plaintiffs ask the Court to strike Well's Fargo's Opposition to Plaintiffs' Request for Default.   (ECF No. 19).  Plaintiffs also ask the Court to strike Defendant Executive Trustee Services, LLC's Motion to Set Aside Entry of Default and Reply because Plaintiffs contend they never received service of the Motion and Plaintiffs request sanctions pursuant to Fed. R. Civ. P. 37.   (ECF No. 65). This Court permitted Plaintiffs additional time to respond to Executive Trustee Services, LLC's Motion.  (ECF No. 66).   Plaintiffs failed to respond.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12 (f).  There are no grounds to strike the Opposition (ECF No. 19) or Executive Trust Service, LLC's Motion and Reply (ECF Nos. 45, 59). Additionally, sanction pursuant to Fed. R. Civ. P. 37, which governs discovery, is not appropriate.  Plaintiffs' requests to strike are **DENIED**.

## III.   Motion to Dismiss filed by Wells Fargo[1]

### A.    Allegations in the Amended Complaint

Plaintiffs' Amended Complaint asserts the following claims against Wells Fargo, Executive Trust Services, and Chicago Title Company: (1) declaratory relief that Defendants do not have the right to foreclose on the property and the property remains in Plaintiffs' names; (2) injunctive relief declaring that Defendants do not have the right to foreclose on the property

---

[1]  Wells Fargo filed the Motion to Dismiss on behalf of Wachovia Mortgage, FSB and Wachovia Mortgage Corp. explaining that Wells Fargo was "erroneously sued" as the Wachovia Defendants and that Wells Fargo is the "successor by merger" to the Wachovia Defendants.  (ECF No. 11-1 at 9).

and the property remains in Plaintiffs' names; (3) request to determine the nature, exten[t] and validity of the lien under Cal. Com. Code § 9313; (4) breach of good faith and fair dealing; (5) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et. seq.; (6) violation of the Real Estate Settlement and Procedures Act ("RESPA");  (7) violation of Cal. Civ. Code § 2932.5; (8) rescission; (9) fraud under Cal. Civ. Code § 1572; (10) unfair and deceptive business practices; (11) breach of fiduciary duty; (12) unconscionability; (13) predatory lending in violation of Cal. Bus. & Prof. Code § 17200; and (14) quiet title.

On March 28, 2008, Plaintiffs "purportedly entered into a loan repayment and security agreement" with Defendant Wells Fargo Bank for $1,080,000.  (ECF No. 3 at ¶ 3).  Plaintiffs allege that several legal violations occurred while processing the loan including:  (1) the underwriter approved the loan based on "a stated income and a medium to high-risk credit score and a belief that the property would continue to increase in value;" (2) Defendants knew Plaintiffs would not be able to make the payments over an extended period of time; (3) "Defendants failed to provide Plaintiff[s] with written notice of furnishing negative credit information to consumer reporting agency;" (4) Defendants knew Plaintiffs would default on this loan and they breached their fiduciary duty by placing Plaintiffs "in harms way;" (5) Defendants promoted a particular loan program to maximize profits with no concern to Plaintiffs' "financial position or livelihood;" (6) Defendants were predatory lenders; (7) "Defendants provided inadequate disclosure of the true costs, risks and, where necessary, appropriateness to the borrower;" (8) "Defendants engaged in unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Id.* at ¶¶ 30-38.  Plaintiffs allege they have the right to rescind the loan.  *Id.* at¶ 69.

**B.    Discussion**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal

theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## 1.   Injunctive Relief - Second Claim

In Plaintiffs' second claim for injunctive relief, Plaintiffs allege that Defendants may foreclose on the property and "[t]he wrongful conduct of Defendants, unless restrained and enjoined by an order of the court, will cause great and irreparable harm to Plaintiff[s]." (ECF No. 3 at ¶¶ 45-46). In Plaintiffs' prayer for relief, Plaintiffs request "an injunction, enjoining any future foreclosure proceeding on the Subject Property." *Id.* at 17 ¶ 8.

Defendant Wells Fargo seeks to dismiss Plaintiffs' second claim for injunctive relief because an injunction is a remedy, not a separate claim.

"Injunctive relief, like damages, is a remedy requested by the parties, not a separate

cause of action." *Cox Communications PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d. 1272, 1283 (S.D. Cal. 2002) (dismissing the cause of action for injunctive relief because plaintiff correctly sought an injunction as a remedy in its prayer for relief) (emphasis and citation omitted).

The Court concludes that Plaintiffs' claim for injunctive relief fails because an injunction is a remedy, not a separate claim.

### 2.    Covenant of Good Faith and Fair Dealing - Third Claim[2]

Plaintiffs' third claim, alleges that Defendants breached the implied covenant of good faith and fair dealing when they "[w]illfully withheld numerous disclosures; [w]illfully withheld notices in regard to excessive fees and finance charges including Yield Spread Premiums, Underwriting standards, Good Faith Estimates, Disclosures of additional income due to interest rate increases, and failure to disclose when negative credit scores were disseminated; [w]illfully placed Plaintiff[s] in a loan that [they] did not qualify for, could not afford, and subjected [them] to further financial detriment, while providing Defendants with financial benefits they would not have otherwise enjoyed." (ECF No. 3 at 8 ¶ 58). Plaintiffs seek punitive damages.

Defendant Wells Fargo seeks to dismiss Plaintiffs' third claim for breach of the covenant of good faith and fair dealing on the grounds that the Complaint fails to identify the terms of the contract which were breached, punitive damages are not available, and the claim is time-barred.

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937 (9th Cir. 1999) (applying California law). That duty, known as the covenant of good faith and fair dealing, requires "that neither party ... do anything which will injure the right of the other to receive the benefits of the agreement." *Andrews v. Mobile Aire Estates*, 125 Cal. App. 4th 578, 589 (2005). However, "tort recovery for breach of the covenant is available only in limited

---

[2] Plaintiffs' third claim is titled "Determine Nature, Extend and Validity of Lien Under California Commercial Code § 9313;" however, the allegations in this claim relate to the covenant of good faith and fair dealing. (ECF No. 3 at 7; *id*. at ¶¶ 54-60).

circumstances, generally involving a special relationship between the contracting parties, such as the relationship between an insured and its insurer." *Bionghi v. Metro. Water Dist.*, 70 Cal. App. 4th 1358, 1370 (1999). "[T]he implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992).

The Complaint does not identify the terms of the contract which were breached and does not identify any terms of the contract to which the implied covenant of good faith and fair dealing could attach. The Court concludes that the Complaint fails to allege sufficient facts to support a claim for breach of the implied covenant of good faith and fair dealing.

### 3.    TILA - Fifth Claim

Plaintiffs' fifth claim for violation of TILA alleges that the "risk versus the Debt-to Income Ratio was not specifically and clearly disclosed." (ECF No. 3 at ¶ 64). The mortgage lender, "failed to provide Plaintff[s] with a correct payment schedule, a properly disclosed interest rate, an accurate Good Faith Estimate or a disclosure relating to Property/Hazard insurance ... [and the] 'Consumer Handbook on Adjustable Rate Mortgages.'" *Id*. at ¶ 65, 67. Plaintiffs allege they have a right to rescind the loan and the statute of limitations has been tolled by "Defendants' failure to effectively provide the required disclosures and notices." *Id.* at   ¶ 66.

Defendant Wells Fargo seeks to dismiss Plaintiffs' fifth claim for violation of TILA on the grounds that it is barred by the statute of limitations and Plaintiffs are not entitled to rescission due to failure to tender. Plaintiffs contend that the statute of limitations on rescission is three years and "[t]he very nature of these subprime loans is that the layperson never knows that the damage has occurred until the interest rate begin[s] to wildly change, not when they sign on the dotted line." (ECF No. 31 at 7-8) (emphasis omitted). Plaintiffs also contend that the tender rule is not mandatory.

### a.    Statute of limitations

Damages claims under TILA must be brought "within one year from the date of the

occurrence of the violation."  15 U.S.C. § 1640(e).  "[A]s a general rule the limitations period starts at the consummation of the transaction."  *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986).  "The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the [TILA] and adjust the limitations period accordingly."  *Id.*  Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling.  *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).  Where a plaintiff alleges TILA violations during initial disclosures, equitable tolling is not appropriate if "nothing prevented [plainitff] from comparing the loan contract, [the] initial disclosures, and TILA's statutory and regulatory requirements."  *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 70 (9th Cir. 1996) (citing *King v. State of Cal*., 784 F.2d 910, 915 (9th Cir.1986)).

The Complaint alleges that Plaintiffs obtained the loan on March 28, 2008.  Plaintiffs did not file this lawsuit until July 26, 2010, more than two years after the transaction was consummated.  Plaintiffs have failed to assert any fact which would support a finding that they were prevented "from comparing the loan contract, [the] initial disclosures, and TILA's statutory and regulatory requirements."  *Hubbard*, 91 F.3d at 70.  The Complaint also fails to allege sufficient facts to support a claim that the statute of limitations should be tolled.  The Court concludes that the Plaintiffs claim for damages under TILA is barred by the statute of limitations.

**b.  Rescission**

"A defaulted borrower is 'required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure.'"  *Lopez v. Chase Home Fin., LLC*, Case No. CV 09-449, 2009 WL 981676, at *5 (E.D. Cal. Apr. 9, 2009) (citing *Abdallah v. United Savings Bank,* 43 Cal. App. 4th 1101,1109 (Cal. App. 1996); *see also Karlsen v. Am. Sav. & Loan Ass'n,* 15 Cal. App. 3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.").  Similarly, in order to prevail on a TILA rescission claim, the borrower will be obligated to tender the property the borrower received

from the creditor under the loan.  *See* 15 U.S.C. § 1635(b); 12 C.F.R. §226.23(d); *see also Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003) (holding that "courts [are] free to exercise equitable discretion to modify rescission procedures.").

"By far, the majority of Courts to address the issue recently have required that borrowers allege an ability to tender the principal balance of the subject loan in order to state a claim for rescission under TILA." *Garcia v. Wachovia Mortgage Corp.*, 676 F.Supp.2d 895, 901 (2009) (collecting cases).  This rule is in recognition of the principle that "[e]quity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen*, 15 Cal. App. 3d at 117; *see also Garza v. Am. Home Mortgage*, No. CV 08-1477, 2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009) ("The complaint fails to hint that [plaintiff] is able to fulfill her [tender] obligations under 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d). Rescission is an empty remedy without [plaintiff's] ability to pay back what she has received.").

The Court concludes that the Complaint fails to allege sufficient facts to support a claim for rescission under TILA because Plaintiffs have failed to allege an ability to tender.[3]

**4.     RESPA - Sixth Claim**

Plaintiffs' sixth claim for violation of RESPA alleges that Plaintiffs were told they were receiving a credit for closing, but instead the loan included a yield spread premium which provided the original mortgage lender with excessive fees due to a higher interest rate.  (ECF No. 3 at ¶ 77).  "The yield spread premium was not explained to the Plaintiff[s] that [they] would be paying this through [their] loan payments." *Id*. at ¶ 78.  Plaintiffs allege that "Defendants violated RESPA because the payments to the mortgage broker and to the lender were misleading and designed to create a windfall." *Id*. at ¶ 80.

Defendant Wells Fargo seeks to dismiss Plaintiffs' sixth claim for violation of RESPA

---

[3] Plaintiffs' eighth claim for rescission also fails because Plaintiffs have not alleged an ability to tender.

on the grounds that the claim is barred by the statute of limitations and there is no private right of action under RESPA for disclosure violations.  Plaintiffs contend that the RESPA claims are not barred by the statute of limitations and "Plaintiff[s are] not required to plead specific RESPA sections or facts to assert a RESPA claim against Defendant."  (ECF No. 31 at 15).

There is no private right of action under the disclosure rules of the RESPA.  *Bloom v. Martin,* 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994); *see also State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1301-02 (5th Cir. 1995).  The statute of limitations for a RESPA claim is one year from the occurrence of the violation.  12 U.S.C. § 2614.  Typically, in cases involving loan documents, the statute of limitations begins to run when the documents are signed, unless evidence is presented to override this assumption.  *Meyer v. Ameriquest Mtg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

The Complaint does not identify the provisions of RESPA that Defendants violated.  However, to the extent Plaintiffs are attempting to assert disclosure-related violations, the Court concludes that there is no private right of action under the disclosure rules of RESPA.  To the extent Plaintiffs allege a RESPA violation which occurred at the time of signing the loan documentation, the Court concludes that the Plaintiffs' RESPA claim is barred by the statute of limitations and the Complaint fails to allege facts to support a claim that the statute of limitations should be tolled.

### 5.    California Civil Code Section 2932.5 - Seventh Claim

Plaintiffs' seventh claim for violation of California Civil Code Section 2932.5 alleges that Executive Trust Services was "named as the beneficiary of this loan ... to eliminate the need for the executing and recording of assignment of montages, with the idea that (ETS) would be the mortgagee of record ... to foreclose on the property, and ... avoid[] the recording of the Assignments of Beneficiary on loans sold."  (ECF No. 3 at 11 ¶ 84).  Plaintiffs allege that the foreclosing agency and Executive Trust Services have a conflict of interest and the assignment is illegal.

Defendant Wells Fargo seeks to dismiss Plaintiffs' seventh claim for violation of California Civil Code Section 2932.5 because Plaintiffs' loan is secured by a deed of trust

which provides the trustee with the power to sell the property. Defendant also contends that standing does not depend upon production of the original promissory note.

California Civil Code § 2932.5 provides:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

Cal. Civ. Code § 2932.5. "California law recognizes two distinct ways in which a loan may be secured by real property, either by a mortgage or by a deed of trust." *Parcray v. Shea Mortg. Inc.*, No. CV-F-09-1942 OWW/GSA, 2010 WL 1659369, at *12 (E.D. Cal. Apr. 23, 2010) (citation omitted). "Section 2923.5 applies to mortgages, not deeds of trust." *Id.*; *see also Caballero v. Bank of America,* Case No. 10-CV-02973-LHK, 2010 WL 4604031, at *3 (N.D. Cal. Nov. 4, 2010).

Plaintiffs have not attached a copy of the March 28, 2008 contract to the Complaint, but Plaintiffs allege that the terms of the contract were stated in "Loan Number #0048283618 ... and Chicago Title Escrow # 78024559-N89." (ECF No. 3 at 2 ¶ 6-7). Defendant seeks judicial notice of the deed of trust recorded on March 28, 2008 and re-recorded on April 7, 2008. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002)). "Such consideration does not convert the motion to dismiss into a motion for summary judgment." *Id.* (quotation omitted). The deed of trust was recorded on March 28, 2008 and re-recorded on April 7, 2008 with loan number 0048283618 and Chicago Title Company escrow number 78024559-N89. The Court takes judicial notice of the deed of trust.

As discussed above, "Section 2923.5 applies to mortgages, not deeds of trust." *Parcray*, 2010 WL 1659369, at *12. Therefore, California Civil Code Section 2932.5 is inapplicable to the deed of trust in this case. The Court concludes that the Complaint fails to allege sufficient facts to support a claim for violation of California Civil Code Section 2932.5.

10cv1547-WQH-RBB

### 6.   California Civil Code Section 1572 - Ninth Claim

Plaintiffs' ninth claim for violation of California Civil Code Section 1572 is asserted against all Defendants and alleges that Defendants purposefully deceived Plaintiffs "and induc[ed them] to part with their personal and real property [by] using a stated income loan." (ECF No. 3 at 13 ¶ 96). Plaintiffs allege that their credit application and form W-2s should have been sufficient to indicate what type of loan should have been offered and what type of loan Plaintiffs could afford. Plaintiffs allege:

> This loan was fraudulent because: (a) the current loan program creates a belief in Plaintiff[s] that [they] will be able to make the payments and is illusory and never really in effect; (b) the use of a stated income, without verification and the use of an automatic underwriter fails to reach an appropriate standard while simultaneously inducing Plaintiff[s] reliance on the qualification process; and (c) underwriting a borrower based on the clear and present risk is 'knowingly' selling a mortgage loan that will fail.

*Id*. at ¶ 99.

Defendant Wells Fargo seeks to dismiss Plaintiffs' ninth claim for violation of California Civil Code Section 1572 because Plaintiffs have failed to plead this fraud claim with the requisite level of specificity.

California Civil Code Section 1572 provides:

> Actual fraud, within the meaning of this Chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:
>
> 1.   The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
> 2.   The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;
> 3.   The suppression of that which is true, by one having knowledge or belief of the fact;
> 4.   A promise made without any intention of performing it; or,
> 5.   Any other act fitted to deceive.

Cal. Civ. Code § 1572.

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires that the pleader state the time, place and specific content of the false representations as well as the identities of the parties to the

misrepresentation.  *Id.*; *Sebastian International, Inc. v. Russolillo*, 128 F. Supp. 2d 630, 634-35 (C.D. Cal. 2001).  Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).  "[T]he plaintiffs must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'"  *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

The Complaint alleges that "Defendants" deceived Plaintiffs and "Defendants" concealed facts; however, the Complaint does not specify which Defendant committed which fraudulent act.  The Court concludes that the Complaint fails to allege sufficient facts to support a claim for violation of California Civil Code Section 1572 because the Complaint fails to "identify the role of each defendant in the alleged fraudulent scheme."  *Swartz,* 476 F.2d at 541.

### 7.    Breach of Fiduciary Duties - Eleventh Claim

Plaintiffs's eleventh claim for breach of fiduciary duties alleges that "Defendants owed a fiduciary duty to Plaintiff and breached that duty by failing to advise or notify Plaintiff[s] when Defendants' broker knew or should have known that Plaintiff will or have a likelihood of defaulting on the loan ...."  (ECF No. 3 at 14 ¶ 107).  Plaintiffs allege that "Defendants have a Fiduciary duty to the borrower to not place them in that loan (in harms way)."  *Id*.

Defendant Wells Fargo seeks to dismiss Plaintiffs' eleventh claim for breach of fiduciary duties because there is no fiduciary relationship between Wells Fargo, as a lender, and its borrowers.  Plaintiffs contend in their Opposition to the Motion to Dismiss that Wells Fargo is liable along with the broker because it directed, authorized, or participated in the broker's tortious conduct "when it knowingly and intentionally approved a loan to Plaintiff that included predatory loan terms, simply to make a substantial profit for itself."  (ECF No. 31 at 16-17).  Plaintiffs also contend that Wells Fargo "regularly trained, directed, and/or participated with mortgage brokers and loan officers to implement the scheme, whereby

brokers and loan officers received greater commissions or bonuses for placing borrowers into loans with relatively higher yield spread premiums, Plaintiff[s'] loan included." *Id*. at 17.

"A debtor is one who, by reason of an existing obligation, is or may become liable to pay money to another, whether such liability is certain or contingent. A creditor is one in whose favor an obligation exists, by reason of which he is, or may become, entitled to the payment of money." *Downey v. Humphreys,* 102 Cal. App .2d 323, 332 (1951).  "'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.'" *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) (quoting *Downey,* 102 Cal. App .2d at 332); *see also Permpoon v. Wells Fargo Bank Nat. Ass'n*, No. 09-CV-01140-H (BLM), 2009 WL 3214321, at *4 (S.D. Cal. Sept. 29, 2009) ("Although California law imposes a fiduciary duty on a mortgage broker for the benefit of the borrower, no such duty is imposed on a lender.") (citing *UMET Trust v. Santa Monica Med. Inv. Co.*, 140 Cal. App. 3d 864, 872-73 (1983)).

Although Plaintiff asserts a different theory of a fiduciary relationship between Wells Fargo and Plaintiffs in the Opposition, Plaintiffs' Complaint does not identify a source of fiduciary duty for Wells Fargo other than its position as lender for the loan.  The Court concludes that the Complaint fails to allege sufficient facts to support a claim for breach of fiduciary duties against the lender Wells Fargo.

### 8.   Unconscionability - Twelfth Claim

Plaintiffs' twelfth claim of unconscionability alleges that the "the loan agreement and trust deed" are unconscionable "based on the deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were required to follow; coupled with the windfall that the Defendants reaped financially from their predatory practices upon Plaintiff[s] ...." (ECF No. 3 at 15 ¶ 114).  Plaintiffs seek restitution.

Defendant Wells Fargo seeks to dismiss Plaintiffs' twelfth claim of unconscionability on the grounds that the loan is exempt from California's usury law and that Plaintiffs have failed to adequately allege procedural and substantive unconscionability.

California Civil Code Section 1670.5 provides:

(a) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(b) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination.

Cal. Civ. Code § 1670.5.

"[U]nconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Armendariz v. Foundation Health Psychcare Services, Inc*., 24 Cal. 4th 83, 114 (2000) (citations omitted). "The prevailing view is that procedural and substantive unconscionability must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Id*. (citation and alteration omitted). Procedurally unconscionable "[o]ppression occurs where a contract involves lack of negotiation and meaningful choice, [and procedurally unconscionable] surprise [occurs] where the allegedly unconscionable provision is hidden within a prolix printed form. *Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1549 (2003) (citation omitted). Substantive unconscionability shocks the conscience and "concerns whether a contractual provision reallocates risks in an objectively unreasonable or unexpected manner." *Id*.

The allegations in the Complaint that the loan agreement and trust deed should not be enforced due to "deception," "unfair bargaining position," and "windfall" to Defendants are conclusory . *See Bell Atl. Corp.*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). The Complaint fails to identify facts that there was a lack of negotiation and meaningful choice in obtaining the loan agreement and trust deed to support procedural unconscionability. The Complaint fails to identify facts that contractual provisions reallocated risk in an objectively unreasonable or unexpected manner to support substantive unconscionability. The Court concludes that the Complaint fails to allege sufficient facts to support a claim of unconscionability.

### 9.    Quiet Title - Fourteenth Claim

Plaintiffs' fourteenth claim for quiet title seeks a declaration "that the title to the Subject Property is vested in Plaintiff alone ...."  (ECF No. 3 at 16 ¶ 127).  Plaintiffs allege that Defendants claim an interest in the property adverse to Plaintiffs, "[h]owever, as a result of the conduct ... the claim of Defendants is without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in the property." *Id*. at ¶ 126.

Defendant Wells Fargo seeks to dismiss Plaintiffs' fourteenth claim for quiet title on the grounds that Plaintiffs failed to verify the Complaint, failed to include the legal description of the property, failed to allege the date they seek determination of title, and failed to tender.

To state a claim to quiet title, "the complaint shall be verified" and must include all of the following: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  Cal. Code Civ. Pro. § 761.020.  "In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed." *Ricon v. Recontrust Co.*, Case No. 09cv937-IEG-JMA, 2009 WL 2407396, at *6 (S.D. Cal. Aug. 4, 2009); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 2010 WL 3155808, at *20 (N.D. Cal. Aug. 9, 2010) ("[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property.").

The Complaint is not verified and does not contain a legal description of the property, the title, the adverse claims to title, or the date as of which the determination is sought and, as described above, Plaintiffs fail to allege an ability to tender.  The Court concludes that the Complaint fails to allege sufficient facts to support a claim for quiet title.

### 10.    Unfair Competition Law Claim - Tenth & Thirteenth Claims

Plaintiffs' tenth and thirteenth claims pursuant to California Business & Professions Code Section 17200 allege that Defendants "failed to undergo a diligent underwriting process for this loan ...." (ECF No. 3 at 13 ¶ 103).  Plaintiffs allege that Defendants placed them in loan they could not afford based on stated income and misleading facts.  Plaintiffs allege that

"Defendants did have that knowledge of these facts, circumstances and risks but failed to disclose them." *Id*. at 14 ¶ 103.  Plaintiffs allege that Defendants also used various rates and charges to disguise the actual payment schedule and loaned amount." *Id*.  Plaintiffs allege that the "loan docs (sic) clearly on the good fath estimate of closing costs the size of any yield spread premium paid directly of indirectly ... to a mortgage officer."  *Id*. at 15-16 ¶ 119.  Plaintiffs allege that the loan contains "terms whereby the borrower can never realistically repay the loan, representative of 'bait and switch' tactics." *Id*. at ¶ 120.  Plaintiffs allege the loan type was inappropriate as demonstrated by "the use of a No Income stated in the loan application from an employed individual who has or can obtain pay stubs, W-2 forms and tax returns." *Id*. at 16 ¶ 121.

Defendant Wells Fargo seeks to dismiss Plaintiffs' tenth and thirteenth claims pursuant to California Business & Professions Code Section 17200 for unfair competition on the grounds that damages are not available and Plaintiffs have not sufficiently asserted any other claim against Defendant.

California law prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (quoting Cal. Bus. & Prof. Code § 17200).

As discussed above, the Complaint fails to state a claim for violation of other laws against Defendant Wells Fargo.  Therefore, Plaintiffs have failed to allege any "unlawful practices that the unfair competition law makes independently actionable."  *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 180.  The Court concludes that the Complaint fails to allege sufficient facts to support a claim for violation of California Business & Professions Code Section 17200 against Wells Fargo.

**11.    Declaratory Relief - First Claim**

In Plaintiffs' first claim for declaratory relief, Plaintiffs allege that an "actual

controversy" exists between Plaintiffs and Defendants regarding the right to foreclose on the property. (ECF No. 3 at ¶ 40). "Plaintiff[s] request[] that this Court find the purported power of sale contained in the loan [is] of no force and effect at this time...." *Id.* at ¶ 41. "Plaintiff[s] further request[] that title to the Subject Property remain in Plaintiffs['] name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation." *Id.* at ¶ 41.

Defendant Wells Fargo seeks to dismiss Plaintiffs' first claim for declaratory relief because the declaration is a "reassertion" of Plaintiffs' other claims. (ECF No. 11-1 at 12). Wells Fargo contends that because Plaintiffs' other claims fail a claim for declaratory relief fails.

As discussed above, the Complaint fails to state any claim against Defendant Wells Fargo. Therefore, Plaintiffs' request for declaratory relief fails. The Court concludes that the Complaint fails to allege sufficient facts to support a claim for declaratory relief against Wells Fargo.

### C.   Summary

Defendant Wells Fargo's Motion to Dismiss is **GRANTED** and Plaintiffs' claims numbered one through fourteen against Wells Fargo are **DISMISSED**. In Plaintiffs' Opposition to the Motion to Dismiss, Plaintiffs seek leave to file a Second Amended Complaint. Plaintiffs may file a motion for leave to file a Second Amended Complaint within thirty days from the date of this order.[4]

### IV.   Motion to Supplement

Plaintiffs filed a motion seeking leave to file a "Supplemental Amended Verified Complaint" to allege claims related to "wrongful acts committed by defendants subsequent to the July 26, 2010 filing of Plaintiffs' complaint." (ECF No. 70 at 2; 70-2 at 1).

Defendant Wells Fargo contends that amendment is improper and futile and would be prejudicial because "Wells Fargo has already incurred the time and expense to file a motion to dismiss...." (ECF No. 73 at 7). Defendant also contends that Plaintiffs added Mark Rackers

---

[4]   Plaintiffs also filed a request for an extension of time and to file an amended complaint (ECF No. 44), which is **DENIED** as moot.

as a defendant as a "bad faith attempt to harass Wells Fargo and its counsel." *Id.* at 8.

The proposed "Supplemental Amended Verified Complaint" alleges claims numbered fifteen through twenty-nine, but does not re-allege claims numbered one through fourteen from the Amended Complaint.  Plaintiffs have failed to comply with Local Rule of Federal Civil Procedure 15.1 which requires each pleading be "retyped so that it is complete in itself without reference to the superseded pleading."  Plaintiffs' Motion for Leave to File Supplemental Complaint (ECF No. 70) is **DENIED**.

## CONCLUSION

**IT IS HEREBY ORDERED** that:

(1)     Chicago Title Company's Motion to Set Aside Entry of Default (ECF No. 38) and Executive Trust Services' Motion to Set Aside Entry of Default (ECF No. 45) are **GRANTED**. Plaintiffs' Motions for Default Judgment (ECF Nos. 25, 27, 37) are **DENIED**.

(2)     Plaintiffs' Motions to Strike (ECF Nos. 19, 65) are **DENIED**.

(3)     Defendant Wells Fargo Bank's Motion to Dismiss (ECF No. 11) is **GRANTED**. Plaintiffs' claims one through fourteen against Wells Fargo are dismissed. Plaintiffs may file a motion for leave to file a Second Amended Complaint, accompanied by a proposed Second Amended Complaint, within thirty days from the date of this order.

(4)     Plaintiffs' Motion for Extension of Time (ECF No. 44) is **DENIED** as moot.

(5)     Plaintiffs' Motion for Leave to File Supplemental Complaint (ECF No. 70) is **DENIED**.

DATED:  January 12, 2011

**WILLIAM Q. HAYES**
United States District Judge