# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. PARK, MICHELLE PARK<br><br>                                  Plaintiffs,<br>     vs.<br>WACHOVIA MORTGAGE, FSB, WACHOVIA MORTGAGE CORPORATION, EXECUTIVE TRUST SERVICES, CHICAGO TITLE COMPANY PARK CAMINO BRANCH, SHEPPARD RICHTER, DOES 1-10<br><br>                                  Defendants. | CASE NO. 10cv1547-WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matters before the Court are Plaintiffs' Motion for Leave to File Second Amended Complaint. (ECF No. 83); Plaintiffs' Ex Parte Application for Stay of Expungement of Pendency of Action Pending Appeal (ECF No. 90); Plaintiffs Ex Parte Motion to File Supplemental Reply (ECF No. 99); and Plaintiffs' Ex Parte Motion to Strike Defendants Surreply Pleading (ECF No. 106).

## BACKGROUND

On July 26, 2010, Plaintiffs Sean M. Park and Michelle Park, proceeding pro se, initiated this action by filing a Complaint. (ECF No. 1). Plaintiffs filed an Amended Complaint on August 11, 2010. (ECF No. 3).

On August 25, 2010, Well Fargo Bank ("Wells Fargo") filed a Motion to Dismiss. (ECF No. 11).

On January 5, 2011, Defendant Wells Fargo filed an Ex Parte Motion to Expunge Notice of Pendency of Action, or Alternatively, to Require Plaintiffs to Post a Bond. (ECF No. 76).

On January 12, 2011, this Court issued an Order dismissing each of Plaintiffs's claims against Defendant Wells Fargo and permitting Plaintiffs to file a motion for leave to file a second amended complaint. (ECF No. 78).

On January 26, 2011, this Court issued an Order granting Defendants' Ex Parte Motion to Expunge Notice of Pendency of Action and allowing Defendant to file a motion for attorney's fees. (ECF No. 85). On that same day, Plaintiffs filed a Motion for Leave to File Second Amended Complaint. (ECF No. 83).

On January 27, 2011, Plaintiffs filed a Notice of Appeal of the Order granting expungement of the lis pendens to the Ninth Circuit Court of Appeals. (ECF No. 86). On that same day, Plaintiffs filed an Ex Parte Application for Stay of Expungement of Pendency of Action Pending Appeal.[1] (ECF No. 90).

On February 22, 2011, Plaintiffs filed an Ex Parte Motion to File Supplemental Reply.[2] (ECF No. 99). On March 11, 2011, Plaintiffs filed an Ex Parte Motion to Strike Defendants Surreply Pleading.[3] (ECF No. 106).

On March 16, 2011, the Ninth Circuit dismissed the appeal for lack of jurisdiction. (ECF No. 107). On April 7, 2011, mandate was issued by the Ninth Circuit. (ECF No. 110).

**DISCUSSION**

---

[1] Plaintiffs requested a stay of the expungement of lis pendens pending the Ninth Circuit's decision regarding Plaintiffs' appeal. On March 16, 2011, the Ninth Circuit dismissed the appeal for lack of jurisdiction and mandate was issued. Plaintiffs' Ex Parte Application for Stay of Expungement of Pendency of Action Pending Appeal (ECF No. 90) is DENIED as moot.

[2] Plaintiffs' Ex Parte Motion to File Supplemental Reply (ECF No. 99) is GRANTED. The Court will consider Plaintiffs' supplemental Reply.

[3] "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). There are no grounds to strike the Surreply. Plaintiffs' Ex Parte Motion to Strike Defendants Surreply (ECF No. 106) is DENIED.

Rule 15 of the Federal Rules of Civil Procedure mandates that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Plaintiffs have filed a proposed second amended complaint that adds Deborah Eisenbraun, sales agent for Wachovia Mortgage, FSB; Tiffany Duke, loan counselor for Wachovia Mortgage Corp.; and Attorney Mark G. Rackers, who represents Defendant Well Fargo Bank in this matter, as defendants.

Plaintiffs contend that the proposed second amended complaint "in no way alters the underlying claims set forth in the original Complaint nor otherwise substantially alters the content of the original Complaint, other than causes of action relating to events that occurred subsequent to filing of the original complaint." (ECF No. 83 at 2). Plaintiffs contend that the proposed second amended complaint "adds additional details provided by

1  exhaustive legal research, supportive audits and investigat[ions], and plaintiffs'
2  consultations with expert witnesses ...." *Id*.

3  Defendant contends that "(1) Plaintiff's attempt to add new defendants is done in
4  bad faith; (2) Plaintiffs fail to cure the fatal flaws of their first amended complaint; and (3)
5  amendment is futile." (ECF No. 97 at 5). Defendant contends that Plaintiffs have not
6  alleged any factual basis to allege a claim against these new defendants and "is simply an
7  attempt to harass and intimidate these individuals." *Id*. at 6. Defendant contends that
8  Plaintiff's claims are defective, and Plaintiff has already had two prior attempts at
9  sufficiently stating a claim.

10  After consideration of the submissions of the parties, the Court concludes that
11  Defendant has not made showing of the *Foman* factors to sufficient overcome the
12  presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*,
13  316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the
14  proposed third amended complaint until after leave to amend is granted and the amended
15  pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006
16  WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("In view of Rule 15(a)'s permissive
17  standard, courts ordinarily defer consideration of challenges to the merits of a proposed
18  amended pleading until after leave to amend is granted and the amended pleading is
19  filed.").

20  **CONCLUSION**
21  

22  IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Second
23  Amended Complaint. (ECF No. 83) is GRANTED. No later than fifteen days from the
24  date of this Order, Plaintiffs shall file the proposed Second Amended Complaint attached as
25  Exhibit I to Plaintiffs' Motion. Plaintiffs' Ex Parte Application for Stay of Expungement
26  of Pendency of Action Pending Appeal (ECF No. 90) is DENIED as moot. Plaintiffs' Ex
27  Parte Motion to File Supplemental Reply (ECF No. 99) is GRANTED.

28  //

1  Plaintiffs' Ex Parte Motion to Strike Defendants Surreply (ECF No. 106) is DENIED.

2  DATED: April 13, 2011

                                                 **WILLIAM Q. HAYES**
                                           United States District Judge