**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAN M. PARK, MICHELLE PARK<br><br>Plaintiffs,<br>vs.<br>WACHOVIA MORTGAGE, FSB; WACHOVIA MORTGAGE CORPORATION; EXECUTIVE TRUST SERVICES; DEBORAH EISENBRAUN, in her capacity as sales agent for Wachovia Mortgage; MARK G. RACKERS; TIFFANY DUKE, in her capacity as loan counselor and agent for Wachovia Mortgage Corporation; DOES 1-100,<br><br>Defendants. | CASE NO. 10cv1547 WQH (RBB)<br><br>ORDER |

HAYES: Judge:

The matters before the Court are the Motion to Dismiss (ECF No. 118) filed by Wells Fargo Bank ("Wells Fargo") on behalf of Wachovia Mortgage, FSB and Wachovia Mortgage Corporation[1] and the Motion to Dismiss filed by attorney Mark G. Rackers. (ECF No. 119).

**I.  Procedural Background**

On July 26, 2010, Plaintiffs Sean M. Park and Michelle Park, proceeding pro se, initiated this action by filing a Complaint. (ECF No. 1). Plaintiffs filed an Amended Complaint on August 11, 2010. (ECF No. 3). On August 25, 2010, Wells Fargo filed a

---

[1] Wells Fargo explains that it is the "successor by merger" to Wachovia Mortgage, FSB and Wachovia Mortgage Corporation. (ECF No. 118 at 2).

Motion to Dismiss. (ECF No. 11). On January 12, 2011, this Court issued an Order dismissing each of Plaintiffs' claims and permitting Plaintiffs to file a motion for leave to file a second amended complaint. (ECF No. 78).

On January 19, 2011, Plaintiffs filed their Opposition to the Ex Parte Motion to Expunge Notice of Pendency of Action. (ECF No. 80). On January 21, 2011, Wells Fargo filed a Reply. (ECF No. 81). On January 26, 2011, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 83).

On April 29, 2011, Plaintiffs' Second Amended Complaint was filed which added Deborah Eisenbraun, Tiffany Duke, and Attorney Mark G. Rackers as Defendants. (ECF No. 114). On May 24, 2011, Wells Fargo filed a Motion to Dismiss on behalf of Wachovia Mortgage, FSB and Wachovia Mortgage Corporation. (ECF No. 118). On May 25, 2011, Defendant Mark G. Rackers filed a Motion to Dismiss. (ECF No. 119). On June 13, 2011, Plaintiffs filed an Opposition. (ECF No. 120). On June 20, 2011, Wells Fargo and Defendant Mark G. Rackers each filed a Reply. (ECF Nos. 121-22).

**II.     Motions to Dismiss Second Amended Complaint (ECF Nos. 118-19)**

   **A.     Allegations of the Second Amended Complaint**

On March 28, 2008, Plaintiffs borrowed $1,080,000.00 and entered into a Deed of Trust encumbering property located at 456-458 10th Street, Del Mar, CA 92014. (ECF No. 114 at ¶ 84). Plaintiffs made payments of $5,000.00 for the first 16 months of the loan. *Id*. Thereafter, Plaintiffs stopped making payments. On November 17, 2009, a notice of default and election to sell was recorded against the property. On August 30, 2010, the property was sold at a trustee's sale.

Plaintiffs' Second Amended Complaint asserts the following seventeen claims: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et. seq.; (2) fraudulent omissions; (3) violation of California's Business & Professions Code section 17200 for unfair and fraudulent business practices; (4) breach of contract; (5) breach of the covenant of good faith and fair dealing; (6) set aside trustees' sale; (7) to cancel trustee's deed; (8) quiet title; (9) violation of the Real Estate Settlement and Procedures Act ("RESPA"), 12

1  U.S.C. § 2605 et seq.; (10) equitable tolling; (11) violation of the California Rosenthal Fair
2  Debt Collection Practices Act; (12) violation of the Federal Fair Debt Collection Practices
3  Act, 15 U.S.C. § 1692 et seq.; (13) wrongful foreclosure; (14) breach of fiduciary duty;
4  (15) fraud, intentional misrepresentation; (16) fraud, negligent misrepresentation; and (17)
5  accounting.  Each claim is asserted against all Defendants which include:  Wachovia
6  Mortgage, FSB AKA Wells Fargo Bank, N.A.; Deborah Eisenbraun, in her capacity as
7  sales agent for Wachovia Mortgage, FSB AKA Wells Fargo Bank; Wachovia Mortgage
8  Corporation, in its capacity as servicer and agent for Wachovia Mortgage FSB, AKA Wells
9  Fargo Bank; Executive Trust Services; Attorney Mark G. Rackers; Tiffany Duke, in her
10 capacity as loan counselor and agent for Wachovia Mortgage Corporation; and Does 1-100.

**B.    Discussion**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

*Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### 1.    TILA - First Claim
### Equitable Tolling - Tenth Claim

Defendants Wachovia Mortgage, FSB and Wachovia Mortgage Corporation seek to dismiss Plaintiffs' first claim for violation of TILA on the grounds that the terms of the note are clear, the claim is barred by the statute of limitations, Plaintiffs are not entitled to equitable tolling, the claim for rescission is barred by the sale of the property, and Plaintiffs are not entitled to rescission without valid tender.

Plaintiffs contend they did not discover Defendants' TILA violations until they retained the services [of] attorney Nathan Fransen ... and had their loan professionally evaluated." (ECF No. 120 at 19). Plaintiffs contend that the tender rule is not mandatory.

Plaintiffs' first claim for violation of TILA alleges that Wells Fargo failed to comply with the disclosure requirements for the loan. (ECF No. 114 at ¶¶ 103-22). Plaintiffs allege that Defendants failed to "clearly, conspicuously and/or accurately disclose the terms of the unsustainable negative amortizing ... [and t]hese violations are apparent on the face of the TILA Disclosure Forms." *Id*. at ¶ 105. Plaintiffs allege that the list of payment amounts "have no relation to, and are also not based on the interest rate listed in the [truth in lending disclosure statement]." *Id*. at ¶ 106(L). Plaintiffs allege that "the only place in the Note where Defendants even inferentially reference negative amortization caused Plaintiffs … to believe that negative amortization is only a mere possibility, rather than an absolute certainty." *Id.* at ¶ 111. Plaintiffs allege that "the [note] charged Plaintiffs a much higher monthly amount than what Defendants disclosed." *Id.* at ¶ 118. Plaintiffs seek

rescission and damages.

### a.   **TILA Claim for Damages**

Damages claims under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986). "[E]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (citation omitted). Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Where a plaintiff alleges TILA violations during initial disclosures, equitable tolling is not appropriate if "nothing prevented [plainitff] from comparing the loan contract, [the] initial disclosures, and TILA's statutory and regulatory requirements." *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 70 (9th Cir. 1996) (citing *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir.1986)).

The Complaint alleges that Plaintiffs obtained the loan on March 28, 2008. Plaintiffs did not file this lawsuit until July 26, 2010, more than two years after the transaction was consummated.[2] Accordingly, Plaintiffs' TILA claim for damages is barred by the one-year statute of limitations, unless equitable tolling applies.

Plaintiffs allege that the "violations are apparent on the face of the TILA Disclosure Forms." *Id*. at ¶ 105. Plaintiffs allege that "a forensic examination of the true documents revealed they are artfully complicated and misleading ...." (ECF No. 114 at ¶ 233(c)). However, Plaintiffs contend that they "had no way of previously discovering Defendants' fraudulent concealment" until June 16, 2009, when they retained "counsel Nathan Fransen ...." *Id*.

---

[2] Plaintiffs have alleged a cause of action for equitable tolling; however, equitable tolling is not a separate claim. Accordingly, Plaintiffs' tenth claim for equitable tolling is dismissed. However, the Court will consider Plaintiffs' allegations regarding equitable tolling as part of this claim for damages pursuant to TILA.

1 | The Court finds that Plaintiffs have failed to assert any fact which would support a
finding that they were prevented "from comparing the loan contract, [the] initial
disclosures, and TILA's statutory and regulatory requirements." *Hubbard*, 91 F.3d at 70.
Although Plaintiffs contend that they did not actually discover the alleged TILA violations
until they retained counsel to perform a professional loan evaluation, Plaintiffs obtained the
loan evaluation on June 16, 2009, after the statute of limitations had already expired. The
Court finds that the Complaint does not adequately allege facts indicating that, "despite all
due diligence, [Plaintiffs were] unable to obtain vital information bearing on the existence
of [their] claim." *Santa Maria*, 202 F.3d at 1178. The Court concludes that the Complaint
fails to allege sufficient facts to support a claim for damages under TILA because
Plaintiffs' claim is barred by the statute of limitations and Plaintiffs are not entitled to
equitable tolling.

### b.     TILA Claim for Rescission

In order to prevail on a TILA rescission claim, the borrower will be obligated to
tender the property the borrower received from the creditor under the loan. *See* 15 U.S.C. §
1635(b); 12 C.F.R. §226.23(d); *see also Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173
(9th Cir. 2003) (holding that "courts [are] free to exercise equitable discretion to modify
rescission procedures."). "By far, the majority of Courts to address the issue recently have
required that borrowers allege an ability to tender the principal balance of the subject loan
in order to state a claim for rescission under TILA." *Garcia v. Wachovia Mortgage Corp.*,
676 F.Supp.2d 895, 901 (2009) (collecting cases). This rule is in recognition of the
principle that "[e]quity will not interpose its remedial power in the accomplishment of what
seemingly would be nothing but an idly and expensively futile act, nor will it purposely
speculate in a field where there has been no proof as to what beneficial purpose may be
subserved through its intervention." *Karlsen*, 15 Cal. App. 3d at 117; *see also Garza v.*
*Am. Home Mortgage*, No. CV 08-1477, 2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009)
("The complaint fails to hint that [plaintiff] is able to fulfill her [tender] obligations under
15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d). Rescission is an empty remedy without

[plaintiff's] ability to pay back what she has received.").

In this case, Plaintiffs allege that the loan amount was $1,080,000.00. (ECF No. 114 at ¶ 197). Plaintiffs allege: (1) that tender "cannot be determined without a third party or judicial accounting" (2) that they provided "proof of tender" when they presented "Lori Ador" as a "qualified buyer," and (3) that tender is not required. *Id*. at ¶¶ 199, 214, 216. Plaintiffs do not allege any specific facts related to the "qualified buyer," such as which institution "qualified" the buyer and the amount of the offer. Plaintiffs do not otherwise allege specific facts as to how Plaintiffs would be able to able to tender the loan proceeds. Even construing the Complaint liberally, the Court finds that Plaintiffs' allegations are insufficient to plausibly show an ability to tender. *See Iqbal*, 129 S. Ct. at 1950. The Court concludes that the Complaint fails to allege sufficient facts to support a claim for rescission under TILA. Plaintiffs' first claim for violations of TILA is dismissed as to Wachovia Mortgage, FSB and Wachovia Mortgage Corporation.

### 2. Violation of the Fair Debt Collection Practices Act - Twelfth Claim

Defendants contend that Plaintiffs' twelfth claims for violation of the Fair Debt Collection Practices Act fails as a matter of law on the grounds that Defendants are not debt collectors. Defendants contend that the Fair Debt Collection Practices Act does not apply to a creditor or mortgage servicing company and that foreclosure activities are not debt collection activities.

Plaintiffs contend that Defendants have "frequently identified itself (sic) to Plaintiffs as a debt collector in all their correspondence with Plaintiffs ...." (ECF No. 120 at 20). Plaintiffs contend that the Fair Debt Collection Practices Act applies to agencies that furnish information to consumer reporting agencies.

Plaintiffs allege that Defendant Wachovia Mortgage Corporation is a "debt collector." (ECF No. 114 at ¶ 15). Plaintiffs allege that Defendants used "unfair and unconscionable means in attempting to collect a debt" by "threatening to take actions prohibited by law including ... falsely stating the amount of a debt; increasing the amount of a debt by including amounts not permitted by law or contract; [and] improperly

foreclosing upon the subject property." *Id*. at ¶ 240.  Plaintiffs allege that Defendants failed to provide verification of the debt, Defendants continue its debt collection efforts after Plaintiffs disputed the debt in writing, Defendants attempted to collect an amount not expressly authorized by the loan agreement, and Defendants falsely state the amount that was owing on the debt.

The Fair Debt Collection Practices Act prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts.  *See* 15 U.S.C. § 1692.  A defendant must be a "debt collector" to be liable pursuant to the Fair Debt Collection Practices Act .  *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).   "The legislative history of section 1692a(6) indicates conclusively that debt collector does not include ... a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

The Fair Debt Collection Practices Act does not apply to foreclosure activities.  *See Walker v. Equity 1 Lenders Group*, Case No. 09cv325 WQH (AJB), 2009 WL 1364430 at *7 (S.D. Cal. May 14, 2009) ("The activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA ....") (quotation omitted); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money.  The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor....  Payment of funds is not the object of the foreclosure action.  Rather, the lender is foreclosing its interest in the property.").

To the extent the Complaint alleges violation of the Fair Debt Collection Practices Act related to the ordinary foreclosure process, the act does not apply because the allegations are not related to collection activities.  To the extent Plaintiffs allege Defendants acted outside of the scope of the ordinary foreclosure process, the Complaint fails to adequately allege how Defendants constitute "debt collectors" within the meaning of the act, and how Defendants violated the act.  *See Iqbal*, 129 S. Ct. at 1950.  The Court

concludes that Plaintiffs have failed to allege sufficient facts to support a claim for violation of the Fair Debt Collection Practices Act. Plaintiffs twelfth claim for violation of the Fair Debt Collection Practices Act is dismissed as to Wachovia Mortgage, FSB and Wachovia Mortgage Corporation.

### 3. RESPA - Ninth Claim

Defendants contend that the RESPA claim fails on the grounds that Plaintiffs have "admitted in other pleadings that Wells Fargo did timely respond to their [qualified written request ("QWR")] by providing Plaintiffs with relevant documents, but that Plaintiffs did not believe Wells Fargo provided a 'valid accounting.'" (ECF No. 118-1 at 27). Defendants contend that Plaintiffs' alleged QWR actually sought documents to support a claim against the lender which "does not even constitute a legitimate QWR." *Id*. Defendants also contend that Plaintiffs cannot allege any damages to support a claim pursuant to RESPA on the grounds that their loss was caused by "their own strategic default." *Id*. at 28.

Plaintiffs contend that whether Plaintiffs' correspondence was a QWR is a question of fact which cannot be resolved on the pleadings. Plaintiffs also contend that there were RESPA violations as part of the loan modification.

A qualified written request is "a written correspondence, ... that– (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). When a loan servicer receives a qualified written request, it must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the servicer believes the account is correct; or (2) why the requested information is unavailable. *See* 12 U.S.C. § 2605(e)(2).

> During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such

> borrower and relating to such period or qualified written request, to any consumer reporting agency

12 U.S.C. § 2605(e)(3).

### a. Actual Damages

"Numerous courts have read Section 2605 [regarding qualified written requests] as requiring a showing of pecuniary damages to state a claim." *Molina v. Washington Mutual Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439 at *7 (S.D. Cal. Jan. 29, 2010) (collecting cases). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Shepherd v. Am. Home Mortg. Services, Inc.*, Case No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925 at * 3 (E.D. Cal. Nov. 20, 2009) (citation omitted). A plaintiff is entitled to recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure activity. *See Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[T]he loss alleged must be related to the RESPA violation itself."); *Torres v. Wells Fargo Home Mortg., Inc.*, No. C 10-04761 CW, 2011 WL 11506 at *8 (N.D. Cal. Jan. 4, 2011) ("The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation.") (citing *Lawther v. Onewest Bank*, Case No. C 10-0054 RS, 2010 WL 4936797 at *7 (N.D. Cal. Nov. 30, 2010)).

Plaintiffs allege that on May 13, 2010, they sent a QWR but "Defendants failed to adequately respond to Plaintiffs' demands to correct specific errors in the subject loan accounting, remove inappropriate and incorrect late fees and penalty charges or provide a valid accounting for the amount they claimed was owed as the subject loan debt." (ECF No. 114 at ¶¶ 223-24). Plaintiffs allege that Defendants failed to provide "(1) proof of correction of errors in accounting; (2) proof of ownership ...; (3) yield spread premiums or other payments paid to broker, lender or servicer ...; (4) documents evidencing the servicer's acquisition of the subject loan; (5) servicing agreements related to the subject loan; [and] (6) all documents evidencing defendant['s] acquisition of the subject loan ...." *Id.* at 55-56. Plaintiffs allege that they suffered damages including "erroneous fees and

charges assessed on the subject loan," "costs of fees associated with professional forensic audits," "costs and fees associated with this litigation," and "emotional distress ...." (ECF No. 114 at 56-67). Plaintiffs also allege that they suffered damages "by a reduction in the credit rating due to improper credit reporting.... [and] loss qualification for their pending refinance arrangements on their four other income properties ...." (ECF No. 114 at 56).

Even construing the Second Amended Complaint liberally, Plaintiffs fail to plead non-conclusory factual allegations indicating how they were damaged by the alleged failure to properly respond to the Qualified Written Request. *Cf. Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Allen only offers the conclusory statement that 'damages consist of the loss of plaintiff's home together with his attorney fees.' He has not actually attempted to show that the alleged RESPA violations caused any kind of pecuniary loss (indeed, his loss of property appears to have been caused by his default)."). Plaintiffs fail to allege how the failure of the Defendants to comply with RESPA, as opposed to Plaintiffs' default or the other alleged actions of Defendants, plausibly caused the damages alleged in the Second Amended Complaint. *Cf. Lawther v. OneWest Bank*, No. C-10-54, 2010 WL 4936797, at *7 (N.D. Cal. Nov. 30, 2010) (granting motion to dismiss RESPA claim for failure to adequately allege actual damages because "[w]hat remains unexplained ... is how the QWR failure itself is causally connected to the claimed distress of Lawther or his family"); *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[S]imply having to file suit [does not] suffice as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in."). Plaintiffs fail to allege how the failure to respond to the Qualified Written Request caused the reduction in their credit rating and the "loss qualification for their pending refinance arrangements ...." (ECF No. 114 at 56). The Court finds that Plaintiffs have failed to allege sufficient facts to support a claim for damages under RESPA. *See Iqbal*, 129 S. Ct. at 1950.

### b.    Statutory Damages

To recover statutory damages, a plaintiff must plead a pattern or practice of

1  noncompliance with RESPA.  *See* 12 U.S.C. § 2605(f)(1)(b).

2  Plaintiffs also allege that "Plaintiff[s are] informed and believe[] that ... Defendant
3  Wachovia Mortgage Corporation engaged in a pattern of and business procedures (sic) in
4  non-compliance with RESPA as supported by Defendants' discovery and evidence of
5  numerous lawsuits across the country and expert witness testimony for trial including a
6  multitude of judgments against Defendants for concealing their illegal negatively
7  amortizing pick-a-pay loan and subsequent violations of RESPA ...."  (ECF No. 114 at 57).
8  To recover statutory damages, a Plaintiff must plead a pattern or practice of noncompliance
9  with RESPA.  *See* 12 U.S.C.  § 2605(f)(1)(b) ("Whoever fails to comply with any provision
10 of this section shall be liable to the borrower for ... any additional damages, as the court
11 may allow, in the case of a pattern or practice of noncompliance with the requirements of
12 this section, in an amount not to exceed $1,000.").

13 The Court finds that the allegations of a pattern or practice of noncompliance with
14 RESPA are conclusory, and do not plausibly show a pattern and practice of RESPA
15 violations by Wachovia Mortgage, FSB and Wachovia Mortgage Corporation in this
16 action.  *See Iqbal*, 129 S. Ct. at 1950; *cf. Lal*, 680 F. Supp. 2d at 1223 (finding the RESPA
17 claim deficient because "Plaintiffs flatly claim a pattern of noncompliance but state no facts
18 other than the assurance that at trial they will present other customers who also did not
19 receive QWR responses from Defendant."); *Garvey v. Am. Home Mortg. Servicing, Inc.*,
20 No. CV-09-973, 2009 WL 2782128, at *2 (D. Ariz. Aug. 31, 2009) (same).  The Court
21 concludes that Plaintiffs have failed to allege sufficient facts to support a claim for statutory
22 damages under RESPA.

23 Plaintiffs ninth claim for violations of RESPA is dismissed as to Wachovia
24 Mortgage, FSB and Wachovia Mortgage Corporation.

25 **4.     State Law Claims**

26 The Second Amended Complaint alleges that federal question jurisdiction exists
27 pursuant to 28 U.S.C. § 1331.  (ECF No. 24 ¶ 1).  The Second Amended Complaint asserts
28 a claim against Wachovia Mortgage, FSB and Wachovia Mortgage Corporation for

1  violation of TILA, the Fair Debt Collection Practices Act, and RESPA. The Second
2  Amended Complaint asserts that supplemental jurisdiction exists over all state law claims
3  pursuant to 28 U.S.C. § 1367. The Second Amended Complaint does not allege that
4  diversity jurisdiction exists.

5       The federal supplemental jurisdiction statute provides: "[I]n any civil action of
6  which the district courts have original jurisdiction, the district courts shall have
7  supplemental jurisdiction over all other claims that are so related to claims in the action
8  within such original jurisdiction that they form part of the same case or controversy under
9  Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may
10 decline to exercise supplemental jurisdiction over a state law claim if:

11     (1) the claim raises a novel or complex issue of State law,

12     (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

13

14     (3) the district court has dismissed all claims over which it has original jurisdiction, or

15     (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

16

17 28 U.S.C. §1367(c). In this case, there have been no answers filed and the only remaining
18 Defendants are two individuals sued in their capacity as agents for Wachovia Mortgage,
19 FSB and Wachovia Mortgage Corporation as well as Executive Trust Services. Because
20 the Court has dismissed the federal law claims against Defendants Wachovia Mortgage,
21 FSB and Wachovia Mortgage Corporation, the Court declines to exercise supplemental
22 jurisdiction over the state law claims against Defendants Wachovia Mortgage, FSB and
23 Wachovia Mortgage Corporation pursuant to 28 U.S.C. §1367(c). *See Ove v. Gwinn*, 264
24 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction
25 over related state-law claims once it has dismissed all claims over which it has original
26 jurisdiction."). Accordingly, the Motion to Dismiss the remaining state law claims against
27 Defendants Wachovia Mortgage, FSB and Wachovia Mortgage Corporation is GRANTED.

    **C.**    **Defendant Attorney Mark G. Rackers**

28     Defendant attorney Mark G. Rackers contends that "Plaintiffs allege 17 causes of

1  action, against all 'Defendants.' Mr. Rackers, however, is not mentioned in any of
2  Plaintiffs' causes of action." (ECF No. 119-1 at 4). Defendant Rackers contends that
3  "Plaintiffs have only named Mr. Rackers ... in an effort to harass and intimidate, which is
4  prohibited by the Federal Rules of Civil Procedure." *Id*.

5  Plaintiffs contend that Rackers is an "aggressive foreclosure attorney[] ... who
6  obviously seek[s to] mislead the Court by slandering Plaintiffs' reputation ...." (ECF No.
7  120 at 8). Plaintiffs contend that Rackers "crosses an ethical and professional line ...." *Id*.
8  at 9.

9  In the "Parties" section of the Complaint, Plaintiffs allege that "Mark Rackers who
10 not only acted as for attorney for Defendants but further elected to continue his slander of
11 Plaintiffs' business reputation engaging in unwarranted tortious interference with Plaintiffs
12 contractual relationships with Plaintiffs' tenants and others after being put on constructive
13 notice to cease and desist all these activities of Defendant Mark Rackers would be subject
14 to liability for his actions." (ECF No. 114 at ¶ 7).

15 As discussed above Plaintiffs' Second Amended Complaint asserts the following
16 seventeen claims: (1) violation of TILA; (2) fraudulent omissions; (3) violation of
17 California's Business & Professions Code section 17200 for unfair and fraudulent business
18 practices; (4) breach of contract; (5) breach of the covenant of good faith and fair dealings;
19 (6) set aside trustees' sale; (7) to cancel trustee's deed; (8) quiet title; (9) violation of
20 RESPA; (10) equitable tolling; (11) violation of the California Rosenthal Fair Debt
21 Collection Practices Act; (12) violation of the Federal Fair Debt Collection Practices Act,
22 15 U.S.C. § 1692 et seq.; (13) wrongful foreclosure; (14) breach of fiduciary duty; (15)
23 fraud, intentional misrepresentation; (16) fraud, negligent misrepresentation; and (17)
24 accounting. There are no allegations against Rackers in the any of the claims. The Court
25 concludes that Plaintiffs have failed to allege sufficient facts to support a claim against
26 Defendant Rackers. Accordingly, Defendant Rackers is dismissed.

27 **III.   Conclusion**
28 IT IS HEREBY ORDERED the Motion to Dismiss the Second Amended Complaint

1  (ECF No. 118) filed by Wells Fargo on behalf of Wachovia Mortgage, FSB and Wachovia
2  Mortgage Corporation is GRANTED.  Plaintiffs' claims against Wachovia Mortgage, FSB
3  and Wachovia Mortgage Corporation are DISMISSED.  The Motion to Dismiss Defendant
4  Mark G. Rackers (ECF No. 119) is GRANTED.  Plaintiffs' Second Amended Complaint is
5  DISMISSED as to Defendant Mark G. Rackers.
6  DATED:  September 30, 2011

**WILLIAM Q. HAYES**
United States District Judge